ESPERANZA RODRÍGUEZ BARREAL ET AL., Petitioners and Appellants, *v.* R. SANCHO BONET, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 7637.    Argued April 6, 1938.—Decided May 25, 1938.

*José Sabater* for appellants.    *B. Fernández García, Attorney General,* and *C. Andréu Ribas, Deputy Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court:

Petitioners in a mandamus proceeding appeal from an adverse judgment. The proceeding was based on an Act approved July 16, 1936, whereby the Treasurer of Puerto Rico was authorized, within the statutory period of redemption, to defer the payment of certain taxes on property which had been sold for non-payment thereof. Two parcels of land, the property of petitioners, had been sold for delinquent taxes

and awarded to the People of Puerto Rico. The delinquent taxes included personal taxes, as well as those on the land. Petitioners tendered a certified check in payment of a certain portion of the taxes on the land. The Treasurer of Puerto Rico refused to defer the payment of the remaining portion of these taxes unless the delinquent personal taxes, for which the property had been attached and sold, were also paid.

■■ The first assignment is that the district court erred in holding that petitioners were not entitled to obtain a postponement of the payment of a certain part of the taxes on the land without payment of the delinquent personal taxes. The second assignment is that the district court erred in holding that the question of postponement was a matter within the discretion of the treasurer.

Section 348 of the Political Code, as amended in 1910, Comp. St. 568, section 3014, provides for the redemption of property sold for taxes ''by paying to the purchaser, his heirs or assigns, the full amount of the purchase money, with annual interest at the rate of twelve per cent, together with all costs incurred and taxes due.'' After the requirement that a ''receipt of the redemption money'' shall be endorsed upon the certificate of purchase, the section further provides that:

''The receipt duly endorsed upon the certificate of purchase shall operate as a release of all claim to title to the real property sold under or by virtue of any such sale for non-payment of taxes. And the redemptioner may have such release duly entered in the registry of property against the certificate of purchase upon payment to the registrar of the fee of one dollar; and the property so released shall remain subject to all liens and legal claims against it, other than tax liens, to the same extent and in the same manner as though said property had not been sold for taxes.''

Section 1 of the Law of 1936 (Third Special Session 160) authorizes the treasurer ''to defer the payment of the taxes due and pending payment on real property in Puerto Rico,

for the year 1934–35 and preceding years, in the manner and under the conditions provided in this act, and subject to the regulations that said treasurer may prescribe in accordance herewith.'' Section 2 provides that: ''Any taxpayer indebted for taxes on real property for the year 1934–35 or preceding years may apply to the Treasurer of Puerto Rico to defer the collection of such taxes, to be paid in instalments in the manner prescribed in this Act; *Provided,* That this Act shall also be applicable to all natural or artificial persons whose properties may have been sold for non-payment of taxes and awarded to The People of Puerto Rico, which are not devoted to the service of the federal, insular, or municipal government, and which may be within the legal year of redemption; . . .'' Section 3 says that: ''The Treasurer of Puerto Rico, upon the application of any taxpayer, may authorize the deferment of the collection of taxes which said taxpayer owes on real property for the year 1934–35 and preceding years.'' Sections 4, 5 and 8 are as follows:

''Section 4.—The collection of each of the tax receipts on real property the taxes on which may be deferred, shall be suspended, and the Treasurer of Puerto Rico shall order that the amount of taxes owed on each of such real properties, not including interest, surcharges, fees for attachment proceedings, and expenses for notices of public sale, shall be made to appear on a new receipt which shall be called a deferred-tax receipt. These deferred-tax receipts shall be divided into twenty sections, to be collected on the dates hereinbefore provided, and shall bear interest at the rate of three (3) per cent per annum counting from April 1, 1936.

''Section 5.—The amount of the deferred-tax receipts issued under this Act shall constitute a preferred lien on the property subject to the unpaid and deferred tax. This lien shall have preference and priority over any other lien which already burdens or may be hereafter constituted on said properties. The term of duration of this lien for taxes levied on real property, which is established by Section 315 of the Political Code, Sections 1823 and 1824 of the Civil Code, Article 168 of the Mortgage Law and Section 1 of Act No. 14, approved August 24, 1933, is extended for a period of twenty (20) years and shall not be extinguished until the deferred taxes and

the interest thereon have been totally paid; *Provided,* That attachments recorded in the registries of property for the collection of said taxes shall remain in force until the amount of the deferred taxes covered by the attachment has been paid.

"Section 8.—It shall be an express condition for such deferment as the Treasurer may make of the delinquent taxes of a taxpayer, that the latter shall pay before December 31, 1936, the taxes assessed for the year 1935–36 and for the first semester of the year 1936–37. As a regard for the faithful fulfilment of the contract of deferment, the Treasurer shall divide into twenty (20) equal parts the whole amount that the taxpayer owes for interest, surcharges, fees for attachment proceedings, and expenses for notices of public sale, at the time of making the deferment, and shall remit the proportional amount of those corresponding to the installment or installments of the deferred debt that the taxpayer may have paid."

We quite agree with appellants that the taxes, payment of which may be postponed under the law of 1936, are taxes on real property only. For that very reason we find no evidence of a legislative intent to authorize the redemption of property which has been attached and sold for the payment of delinquent personal taxes, as well as for delinquent taxes upon the property itself, without payment of the delinquent personal taxes as required by section 348 of the Political Code. In any event, the law of 1936 does not impose upon the treasurer any ministerial duty to permit the redemption of real property that has been attached and sold for delinquent taxes, including personal taxes, without payment of such personal taxes.

The judgment appealed from must be affirmed.